```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

| | |
|---|---|
| **JOHN M. PICKENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 17-2205-TMP |
| ) | |
| **AMY BETH DOWDY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

**ORDER GRANTING DEFENDANT'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO CLAIM FOR PUNITIVE DAMAGES**
_____

Before the Court is defendant Amy Beth Dowdy's oral motion under Rule 50 for judgment as a matter of law as to plaintiff John M. Pickens's claim for punitive damages, which was made at the close of the plaintiff's case-in-chief. For the reasons stated in open court and as set forth below, the motion is granted.

Federal Rule of Civil Procedure 50(a)(1) provides as follows:

> ***In General.*** If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
>     (A) resolve the issue against the party; and
>
>     (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). In Tennessee, punitive damages may "be awarded only in the most egregious of cases," where a plaintiff proves, by clear and convincing evidence, that a defendant's action was, *inter alia*, reckless.[1] Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992); see also A.K. by and through Kocher v. Durham Sch. Servs., L.P., No. 2:15-cv-02663, 2016 WL 11248525, at *3 (W.D. Tenn. Aug. 16, 2016); Tenn. Code Ann. § 29-39-104(a)(1). "Under Tennessee law, '[a] person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.' Hodges, 833 S.W.2d at 901." A.K. by and through Kocher, 2016 WL 11248525, at *3; see also Tenn. Pattern Jury Instruction – Civil 14.55A.

Before trial, the court denied Dowdy's motion in limine as to punitive damages, both because it was procedurally improper, and to afford Pickens the opportunity to present evidence on the issue. (ECF No. 50.) Pickens has now been fully heard on the issue. The court finds that as a matter of law, a reasonable jury would not have a legally sufficient evidentiary basis to find for Pickens on his punitive damages claim. The testimony at trial showed that

---

[1] When a suit is before a federal court pursuant to diversity jurisdiction, the court applies the substantive law of the state and federal procedural law. Jackson v. Ford Motor Co., 842 F.3d 902, 907 (6th Cir. 2016).

-2-

prior to the accident, Dowdy was using a navigation app on her cell phone to find directions to a restaurant. The cell phone was placed in a holder by the radio, next to the steering wheel. Dowdy testified that as she was driving to the restaurant, she briefly glanced at the navigation app right before hitting Pickens's vehicle. The testimony also showed that she was not tailgating Pickens's vehicle, and there was no evidence that she was speeding or otherwise engaged in distracted driving. Such evidence is insufficient, as a matter of law, to enable a reasonable jury to find defendant liable for punitive damages. See, e.g., Rabicoff v. Hy-Vee, Inc., No. 16-2565, 2017 WL 6557440, at *2 (D. Kan. Dec. 22, 2017) (granting motion for partial summary judgment on punitive damages claim where defendant was distracted by sound of her phone, looked down, and struck plaintiff's vehicle); Fuller v. Finley Resources, Inc., 176 F. Supp. 3d 1263, 1268 (D.N.M. 2016) (granting motion for partial summary judgment on punitive damages claim where defendant was using cell phone and failed to yield); Waldorp v. Golden Coastline Logistics, 3:13-cv-00204-TCB, 2015 WL 11257573, at *4 (N.D. Ga. Mar. 12, 2015) (noting that courts routinely grant summary judgment to at-fault drivers on the issue of punitive damages, including when driver admits to using cell phone); Little v. McClure, No. 5:12-CV-147 (MTT), 2014 WL 4276118, at *4 (M.D. Ga. Aug. 29, 2014) ("[S]imply using a cell phone, even prolonged use, does not provide grounds for a punitive damages claim."); Southard

v. Belanger, 966 F. Supp. 2d 727, 740-41 (W.D. Ky. 2013) (granting motion for partial summary judgment as to punitive damages claim where defendant was using a hands-free mobile device in violation of company policy when motor vehicle accident occurred); Starr v. Hill, No. 2:10-cv-02070-dkv, 2012 WL 12868269, at *3 (W.D. Tenn. Feb. 14, 2012) ("Something more than a lack of ordinary care is required to sustain an award for punitive damages."). Although Pickens suggests that Dowdy may have been either holding her phone or using her phone in a more substantial manner than what she testified to, that evidence (through witness Tamika Washington) was excluded at trial. Moreover, even if that testimony had been admitted, it would only have been admitted for the limited purpose of impeachment of Pam Dowdy, and therefore could not be considered as substantive evidence in support of the punitive damages claim. Finally, even assuming that the Court could somehow consider this as substantive evidence, the evidence would still be insufficient, as a matter of law, for a reasonable jury to find in favor of Pickens on his punitive damages claim.

Accordingly, Dowdy's motion for judgment as a matter of law as to Pickens's claim for punitive damages is GRANTED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 9, 2018
Date