IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| JOHN M. PICKENS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 17-2205-TMP |
| | ) |
| AMY BETH DOWDY, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL**
_____

Before the Court is plaintiff John M. Pickens's Motion for a New Trial, filed on September 6, 2018. (ECF No. 92.) Defendant Amy Beth Dowdy responded on September 20, 2018. (ECF No. 94.) For the following reasons, the motion is DENIED.

### I.    BACKGROUND

This case arises from a March 14, 2015, car collision between Dowdy and Pickens. (ECF No. 62 at 4.) The only contested issues at trial were the extent and nature of Pickens's injuries attributable to the collision.[1] The court held a jury trial in this matter from August 6, 2018, through August 9, 2018. At the conclusion of trial, the jury returned a verdict in favor of Pickens and awarded $6,528.29 for damages attributable to his

---

[1] The parties also initially contested whether Dowdy's conduct was reckless such that punitive damages would be appropriate. After the close of Pickens's proof, the court granted judgment as a matter of law in favor of Dowdy on this issue. (ECF No. 78.)

medical expenses.  (ECF No. 82.)  The court entered judgment that day.  (ECF No. 87.)

Pickens thereafter filed the present motion.  (ECF No. 92.) Pickens asserts no reasonable jury could have concluded that his neck surgeries were not necessitated by the injuries he sustained to his neck in the collision.  (Id. at 5.)  Specifically, Pickens argues that the evidence at trial, including the testimony of Pickens and Dr. Weaver, his treating physician, regarding injuries sustained to his left arm and shoulder, were never sufficiently refuted by Dowdy or her expert physician, Dr. Feild.  (Id. at 6-7.) Pickens argues that the low amount of damages for past medical expenses is inconsistent with this uncontroverted evidence and thus, a new trial is appropriate.  (Id. at 7.)  In response, Dowdy asserts that Pickens did not list any complaints at the scene of the collision, nor was he concerned about injuries immediately following the collision.  (ECF No. 94 at 2.)  Pickens returned to work the following week, and did not seek treatment for until the next Friday, where he exhibited a full range of motion in his neck and left shoulder.  (Id. at 2-3.)  Over eight months of treatment, he reported improvement in his left shoulder such that by June 2015, his treatment records did not mention the shoulder.  (Id. at 3.)  Only in November 2015 did Pickens identify new pain in his left side.  (Id.)  Dr. Feild testified that this new pain could be attributable to a pre-existing degenerative condition of the spine,

as opposed to any damage caused by the collision. (Id. at 3-4.) These medical records and the opinion of Dr. Feild contradicted Dr. Weaver's testimony. Dowdy also points out that Pickens's two surgeries, for which he sought compensation at trial, occurred following his complaints in November 2015 and January 2016. (Id. at 5.) And, Dowdy submitted at trial that Pickens's initial emergency room visit resulted in $4273.29 in medical bills, and he also subsequently received treatment at OrthoMemphis. (Id. at 6.) Dowdy asserts that the jury's award of damages could reasonably correspond with these bills. (Id. at 6-7.)

## II. ANALYSIS

After a jury trial, a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). A new trial is appropriate when the jury reaches a seriously erroneous result as evidenced by (1) the verdict being against the clear weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias. Cummins v. BIC USA, Inc., 727 F.3d 506, 509–10 (6th Cir. 2013) (citing Static Control Components, Inc. v. Lexmark Int'l, Inc., 697 F.3d 387, 414 (6th Cir. 2012)) (internal quotation marks and brackets omitted). Furthermore, "a motion for a new trial will not be granted unless the moving party suffered prejudice."

Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004). The party seeking a new trial has the burden to show harmful prejudice. Simmons v. Napier, 626 Fed. App'x 129, 132 (6th Cir. 2015) (citing Tobin v. Astra Pharm. Prods., Inc., 993 F.2d 528, 541 (6th Cir. 1993)). The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice . . . ." Park W. Galleries, Inc. v. Hochman, 692 F.3d 539, 544 (6th Cir. 2012) (quoting Davis by Davis v. Jellico Cmty. Hosp. Inc., 912 F.2d 129, 133 (6th Cir. 1990) (internal quotation marks omitted)). The party seeking a new trial thus bears "a heavy burden." Miller v. Am. President Lines, Ltd., 989 F.2d 1450, 1466 (6th Cir. 1993).

The court finds that Pickens has not met this burden. The jury could reasonably construe the evidence at trial as showing that Pickens made no complaint at the scene of the collision, returned to work a full week immediately after, and did not seek treatment for nearly a week. (ECF No. 94 at 2.) Also, after seeking treatment, Pickens exhibited a full range of motion in his neck and left shoulder. The jury could also view the evidence as showing that not until November 2015, almost eight months after the collision, did Pickens report new issues with his upper left body and arm. Furthermore, Dr. Feild testified that Pickens exhibited a degenerative spine condition which could cause these new symptoms.

Pickens's initial emergency room and subsequent treatment bills were presented to the jury at trial.  The jury, as the finder of fact, was entitled to consider the totality of this evidence, assess its credibility, and assign it weight in reaching its conclusion.  A review of the evidence submitted at trial reveals that ample, probative evidence supported the jury's verdict and award of damages.  There is likewise no indication that Pickens suffered prejudice.  <u>See</u> <u>Simmons</u>, 626 Fed. App'x 132; <u>Tompkin</u>, 362 F.3d at 891.  Pickens has failed thus to establish any reason which could warrant a new trial.  <u>See</u> Fed. R. Civ. P. 59(a)(1)(A); <u>Cummins</u>, 727 F.3d at 509-10.  Accordingly, Pickens's motion is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 28, 2018
Date