```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
             WESTERN DIVISION
```
___

JOHN M. PICKENS,            )
                            )
    Plaintiff,         )
                            )
v.                          )    No. 17-cv-2205-tmp
                            )
AMY BETH DOWDY,             )
                            )
    Defendant.         )
                            )
___

**ORDER DENYING PLAINTIFF'S MOTION FOR JURY INTERVIEW/SURVEY**
___

Before the court is plaintiff John M. Pickens's Motion for Jury Interview/Survey, filed on August 21, 2019. (ECF No. 120.) For the following reasons, the motion is DENIED.

This case arises from a March 14, 2015, car collision between Dowdy and Pickens. (ECF No. 62 at 4.) The only contested issues at trial were the extent and nature of Pickens's injuries attributable to the collision. The court held a jury trial in this matter from August 6, 2018, through August 9, 2018. At the conclusion of trial, the jury returned a verdict in favor of Pickens and awarded $6,528.29 for damages attributable to his medical expenses. (ECF No. 82.) The court entered judgment that day. (ECF No. 87.) Pickens thereafter filed a motion for a new trial, asserting that no reasonable jury could have concluded that his neck surgeries were not necessitated by the injuries he sustained to his neck in the collision.(ECF No. 92.) The court denied the motion, and Pickens

filed a notice of appeal on October 25, 2018. (ECF No. 95, 98.) Plaintiff, now proceeding *pro se*, now seeks to obtain the names, addresses and contact information of each juror.

As a preliminary matter, this court lacks jurisdiction to grant the instant motion. "It is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal." Fort Gratiot Sanitary Landfill v. Michigan Dep't of Natural Resources, 71 F.3d 1197, 1203 (6th Cir. 1995); see also Greiner v. Macomb Cty., MI, 2019 U.S. App. LEXIS 5443, at *3 (6th Cir. Feb 22, 2019). Here, plaintiff's appeal involves the question of whether the jury reached a reasonable conclusion. Thus, any purported misconduct by the jury falls within the scope of plaintiff's appeal.[1] Accordingly, the court lacks jurisdiction to grant the instant motion.

Even if this motion properly fell within the jurisdiction of this court, the Local Rules of this court preclude the sort of inquiry Plaintiff seeks in this case. See LR 47.1(e). When seeking leave of court to interrogate a juror after a verdict, the plaintiff "must state the grounds for and the purpose of the interrogation. If a post-verdict interrogation is approved, the Court will determine the scope of the interrogation and any limitations upon the interrogation prior to the interrogation." LR

---

[1]Notably, plaintiff alleges no jury misconduct whatsoever.

47.1(e). It is improper for a plaintiff to seek the names, addresses and contact information of jurors without providing any basis for the interview or insight into its scope. Courts do not permit "fishing expeditions" based on unsubstantiated allegations of jury misconduct. See United States v. Kimball, 194 F. App'x. 373, 377 (6th Cir. 2006) (upholding denial of motion to interview the jury where the plaintiff "fail[ed] to cite to any evidence of misconduct.") (citing Green Constr. Co. v. Kansas Power and Light Co., 1 F.3d 1005, 1012 (6th Cir. 1993)). Here, plaintiff fails to even allege any impropriety by the jury in its deliberations. As a result, his motion fails on this additional ground.

Based on the foregoing analysis, Plaintiff's Motion for Jury Interview/Survey is DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

August 22, 2019
Date